# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

ARMOND BENNETT                                    CIVIL DOCKET

VERSUS                                            NUMBER: 15-3087

RONAL SERPAS, et al.                              SECTION: A (3)

## ORDER

Before the Court is a **Motion for Judgment on the Pleadings (Rec. Doc. 58)** filed by Defendants Ronal Serpas, Michael Harrison, and the City of New Orleans. Plaintiff opposes the Motion (Rec. Doc. 61). The Motion, set for submission on May 3, 2017, is before the Court on the briefs without oral argument.

**I.    Background**

This lawsuit arises out of an alleged false arrest, detention, imprisonment, and malicious prosecution of Plaintiff by Defendant Officers Lisa Lewis, Patrick Guidry, and Lucretia Gantner. Plaintiff also alleges that he was the victim of excessive force by Officers Lisa Lewis and Patrick Guidry, violating Plaintiff's constitutional rights. This matter involved a traffic stop, and an interaction ten days later between Plaintiff and Defendant Officers which ultimately led to Officer Lewis firing her gun twice at Plaintiff, shooting him once in the head. (Rec. Doc. 1).

In addition to Plaintiff's allegations against Defendant Officers, Plaintiff alleges that Defendants Ronal Serpas, former superintendent of the New Orleans Police Department, Michael Harrison, current superintendent of the New Orleans Police Department, and the City of New Orleans 1) failed to adequately screen, hire, train, supervise, and/or discipline their employee Officers, and 2) are liable under state tort law. Plaintiff further alleges municipal liability against the City of New Orleans. Defendants Ronal Serpas, Michael Harrison, and the City of New Orleans now seek dismissal of Plaintiff's claims 1) against Ronal Serpas and Michael Harrison, in their

1

individual capacity, 2) against Ronal Serpas and Michael Harrison, in their official capacity, and 3) against the City of New Orleans under 42 U.S.C.A. § 1983. (Rec. Doc. 58-2). Additionally, should the Court dismiss Plaintiff's Federal claims against Serpas, Harrison, and the City of New Orleans, Defendants argue that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

II. Analysis

A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). When considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in the plaintiff's favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555.

Plaintiff concedes that his claims against Ronal Serpas and Michael Harrison in their individual capacity should be dismissed. Plaintiff also concedes that his claims against Michael Harrison in his official capacity should be dismissed. Finally, Plaintiff concedes that all of his § 1983 claims, aside from his claim for Failure to Supervise/Train, should be dismissed. Plaintiff only maintains his claims against the City of New Orleans for municipal liability and for state-law claims, and against the City of New Orleans and Ronal Serpas, in his official capacity, for Failure to Train/Supervise. (Rec. Doc. 61). Therefore, the Court grants Defendants' Motion for Judgment on the Pleadings on Plaintiff's claims against Ronal Serpas and Michael Harrison in their

individual capacities, against Michael Harrison in his official capacity, and against Ronal Serpas and the City of New Orleans for Failure to Screen, Hire, and Discipline. The Court will only address Plaintiff's claims against the City of New Orleans and Ronal Serpas, in his official capacity, for Failure to Train/Supervise, and against the City of New Orleans for municipal liability and on state-law grounds.

### a. Municipal Liability

Municipalities and other bodies of local government are considered "persons" who may be sued directly under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). However, "a municipality cannot be held vicariously liable for the constitutional torts of its employees or agents." *Gros v. City of Grand Prairie*, 181 F.3d 613, 615 (5th Cir. 1999). Therefore, "a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691. Accordingly, municipal liability must be based on a municipal "policy" or "custom" that caused the plaintiff's injury. *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). A claim for municipal liability under § 1983 requires proof of three elements: "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Id.* (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)).

For purposes of § 1983 liability, an official policy is a "policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority." *Brown v. Bryan Cty.*, 219 F.3d 450, 457 (5th Cir. 2000). An official policy may alternatively be "[a] persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom

that fairly represents municipal policy." *Id. (*quoting *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984)).

To establish municipality liability, Plaintiff cites a Quarterly Monitoring Report created pursuant to a Consent Decree that is suggestive of "both excessive use of force and failure to properly report uses of force," arguing that this widespread practice by Defendants constitutes a custom. (Rec. Docs. 1). In opposition, Defendants argue that in this Circuit, a report alone is not sufficient to establish a pattern of repeated conduct. (Rec. Doc. 67). Indeed, the United States Court of Appeals recently stated that it was persuaded by a district court's finding that a "report, by itself, cannot establish a pattern of repeated conduct." *Jordan v. Brumfield*, 2017 WL 1487233, at *6 (5th Cir. 2017). However, Plaintiff does not only cite the Quarterly Monitoring Report to establish a policy or custom. Plaintiff, in his second amended complaint[1], also details numerous specific complaints that have been made against each Defendant Officer. (Rec. Doc. 71).

To demonstrate a custom or policy for the first element of municipal liability, prior instances must establish "notice of a pattern of similar violations." *Barrios-Barrios v. Clipps*, 825 F. Supp.2d 730, 751 (E.D. La. 2011) (quoting *Davis v. City of North Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005)). The history of violations committed by Defendant Officers included numerous violations for use of force, the same violation that Plaintiff alleges. Thus, the history of violations coupled with the Quarterly Monitoring Report establish notice of a pattern of similar violations that give rise to a custom or policy. The City of New Orleans presumably had constructive knowledge of the Quarterly Monitoring Report and violation history of Defendant officers, as these were in its possession, satisfying the second element. Finally, the Quarterly Monitoring Report and history of violations by Defendant Officers establish that the custom of

---

[1] The Court notes that Plaintiff's Second Amended Complaint was filed after Defendants' Motion to Dismiss.

excessive force and constitutional violations is the driving force of the Defendant Officers' alleged constitutional violation against Plaintiff. Therefore, Plaintiff has adequately established a custom of constitutional violations to defeat dismissal of his municipal liability claim by way of a judgment on the pleadings.

### b. Failure to Train/Supervise

As Plaintiff concedes, his claim against the City and against Serpas for Failure to Train/Supervise are essentially the same claim because a lawsuit against a government officer "in his official capacity" is no different from a suit against the government entity of which he is an agent. *Burge v. Parish of St. Tammany (Burge I)*, 187 F.3d 452, 468 (5th Cir. 1999). Therefore, Plaintiff's claims against Serpas, in his official capacity, and against the City of New Orleans will be analyzed as one.

The standard applicable to a failure-to-train claim, which Plaintiff brings against Serpas and the City of New Orleans, is the same as the standard for municipal liability. *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir.2005). Liability for *Monell* Failure to Train/Supervise requires plaintiffs to demonstrate that "1) the supervisor either failed to supervise or train the subordinate official, 2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights, and 3) the failure to train or supervise amounts to deliberate indifference." *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011). In order to establish a deliberate indifference, plaintiffs "usually must demonstrate a pattern of violations and that the inadequacy of the training is obvious and likely to result in a constitutional violation." *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009) (quoting *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003)).

Defendants assert that Plaintiff has failed to make a claim because Plaintiff's Amended Complaint gives conclusory statements and "is devoid of any factual allegations concerning the training or discipline NOPD officers received or should have received." (Rec. Doc. 67). Defendants further allege that Plaintiff's Amended Complaint fails to detail how the City of New Orleans acted with deliberate indifference. However, Plaintiff does not merely assert conclusory statements because the Quarterly Monitoring Report details the deficiencies in the training and supervising of NOPD officers. Additionally, Plaintiff's Second Amended Complaint outlines the complaint history of the individual officers in order to show a pattern of violations to prove deliberate indifference. Defendants nevertheless maintain that Plaintiff's new allegations fail to demonstrate the failure to supervise/train, and causation by the supervisor.

The Court finds that Plaintiff has properly made a claim for failure to train/supervise against Serpas and the City of New Orleans such that issuing a judgment on the pleadings at this juncture is not appropriate. First, Plaintiff cites to the Consent Report which found deficiencies that "lead to constitutional violations span[ning] the operation of the entire Department from how officers are recruited, trained [and] supervised…," establishing a failure to train and supervise officers. (Rec. Doc. 71). Second, Plaintiff cites a detailed history of complaints made against each Defendant Officer. This history shows a pattern of violations identical to Defendant Officers' alleged violation against Plaintiff, and establishes that the inadequate policy was the moving force behind Defendant Officers' alleged violation of Plaintiff's civil rights.

Finally, Plaintiff has sufficiently alleged a deliberate indifference by Serpas and the City of New Orleans because he has sufficiently shown a pattern of violations and that the inadequacy of the training is obvious and likely to result in a constitutional violation. The Consent Report that Plaintiff cites states that "officers too frequently use excessive force and conducted illegal stops,

searches and arrests with impunity," and that NOPD's failure to train its officers directly contributes to the pattern of constitutional violations. (Rec. Doc. 71). This Consent Report coupled with the Defendant Officers' history of use of excessive force establishes a deliberate indifference. Therefore, Plaintiff has made a claim for failure to train/supervise against Defendants Serpas and the City of New Orleans sufficient to defeat Defendants' Motion for Judgment on the Pleadings.

### c. State-Law Claims

Defendants assert that the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, should the Court dismiss Plaintiff's Federal claims against Defendants. Plaintiff dismisses his state law claims against Ronal Serpas and Michael Harrison, only maintaining his state law claims against the City of New Orleans. Having found that dismissal of Plaintiff's Federal claims against Serpas and the City of New Orleans for Failure to Train/Supervise, and against the City for municipal liability, is not appropriate at this time, the Court will maintain its supplemental jurisdiction over Plaintiff's state law claims against the City of New Orleans.

Accordingly;

**IT IS ORDERED** that the **Motion for Judgment on the Pleadings (Rec. Doc. 58)** filed by Defendants Ronal Serpas, Michael Harrison, and the City of New Orleans is **GRANTED IN PART** and **DENIED IN PART**. The Motion is granted to the extent that it dismisses all claims against Michael Harrison; all claims against Ronal Serpas in his individual capacity, claims against Ronal Serpas under state tort law, claims against Ronal Serpas in his official capacity for Failure to Screen, Hire, and Discipline; and claims against the City of New Orleans for Failure to Screen, Hire, and Discipline. The Motion is denied to the extent that it relates to Plaintiff's claims against

Ronal Serpas, in his official capacity, for Failure to Train/Supervise; and Plaintiff's claims against the City of New Orleans for Failure to Train/Supervise, Municipal Liability, and state law liability.

New Orleans, Louisiana this 26th day of June, 2017.

```
                                    JAY C. ZAINEY
                                    UNITED STATES DISTRICT JUDGE
```